UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ESPINOZA,<br><br>                    Petitioner,<br><br>          v.<br><br>STANISLAUS COUNTY SHERIFFS DEPARTMENT,<br><br>                    Respondent. | Case No.: 1:20-cv-00824-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

On June 10, 2020, the petitioner filed the instant petition for writ of habeas corpus in this Court. (Doc. 1.) Because the petition fails to state a cognizable federal claim for relief, the Court will recommend it be SUMMARILY DISMISSED without prejudice.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

answer to the petition has been filed.

B.     Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

A petition for writ of habeas corpus must specify the grounds for relief as well as the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief.

The petitioner seeks compassionate release and to be placed on home confinement. (Doc. 1 at

1-3.) His basis for the release is that he is a first-time offender, that he was released on bail pending sentencing, and because of "a heightened risk of contracting COVID-19" as "it has spread throughout the California prison and jail system and will continue to spread." (Doc. 1 at 2-3.) None of these reasons raise federal habeas jurisdiction and the petitioner fails to state a claim on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Because the petitioner fails to state a claim cognizable on federal habeas review, the Court lacks jurisdiction to review the petition and will recommend that the petition be dismissed. Additionally, the defects in his pleading are not capable of being cured through amendment. See Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

**ORDER**

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED without prejudice for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy, the petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 16, 2020**                    /s/ Jennifer L. Thurston
                                                                             UNITED STATES MAGISTRATE JUDGE